**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Rachel M. Babad,<br>individually and on behalf of all others similarly situated,<br><br>                          Plaintiff,<br><br>   -v.-<br>C. Tech Collections, Inc.<br>                          Defendants. | Case No.: 1:21-cv-3920<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

      Plaintiff Rachel M. Babad ("Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks PLLC, against Defendants C. Tech Collections, Inc. ("C. Tech"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

    1.    The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

    2.    The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer

1

protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. *Id*. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Queens.

8. Defendant C. Tech is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA with an address at 5505 Nesconset Highway, Suite 200, Mount Sinai, New York, 11766.

9. Upon information and belief, Defendant C. Tech is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## **CLASS ALLEGATIONS**

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Defendant C. Tech sent a collection letter(s);

    c. attempting to collect a consumer debt;

    d. in two sub-classes where Defendant sent at least two letters:

        1. showing an increasing balance but not including a disclosure that the balance will increase due to interest; or

        2. that included successive validation notices despite no new principal charges being added;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above allegations as if set forth here.

20. Some time prior to January 13, 2021, an obligation was allegedly incurred by Plaintiff to non-party NYU Langone Physician Services ("NYU").

21. The obligation arose out of a transaction in which money, property, insurance or services of the subject transactions were incurred for personal purposes, specifically medical services.

22. The alleged NYU obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

23. NYU is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

24. According to Defendant's letter(s) described below, NYU referred this account to C. Tech for collection.

25. Plaintiff disputes owing anything at all to NYU.

26. C. Tech collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations – Collection Letters*

27. Defendant sent Plaintiff collection letters on or about January 13, 2021 ("January Letter"), February 17, 2021 ("February Letter"), March 30, 2021 ("March Letter"), and April 23, 2021 ("April Letter"), (collectively "Letters") regarding the alleged debt owed to NYU. See Letters attached as Exhibit A.

28. The January Letter states that the balance is $911.94.

29. The January Letter ostensibly includes the validation notices required by 15 U.S.C. § 1692g.

30. The February Letter states that the balance is $921.73.

31. The February Letter ostensibly includes the validation notices required by 15 U.S.C. § 1692g again.

32. The March Letter states that the balance is $921.73.

33. The April Letter states that the balance is $1,015.70.

34. None of the Letters state that the balance may increase or is increasing.

35. None of the Letters explain why the balance has increased.

36. No reason is given for why these mysterious charges have been added to the account.

37. The Letters leave open the possibility that these mysterious charges could be added back, or that an additional charge for the same or a different amount could be added for the same reason – whatever it was – that these mysterious additions appeared in the first place.

38. The first letter materially misled Plaintiff because a consumer with two equal-amount debts, one of which is getting larger (dynamic) and one of which will never get larger (static), will pay the dynamic debt first.

39. Because of the lack of any information foreclosing this possibility, plaintiff does not know if the amount of the obligation is static or dynamic.

40. The statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, misled Plaintiff into believing that payment of the amount stated will clear her account.

41. However, the law requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

42. Alternatively, in light of the amounts stated in the Letters and the implication that additional charges are accruing, then if, in fact, no additional amounts will continue to accrue, then Defendant must so state.

43. Because of the conflicting amounts due, Plaintiff suspected the Letter may be fraudulent or suspect, on whole or in part.

44. This was exacerbated because Plaintiff denies owing anything at all.

45. Plaintiff is unable to evaluate how much is truly being alleged as the correct balance. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled at to the total owed, and cannot properly evaluate the demand for payment or how to address it.

46. The January and February Letters also each contained a statement of the notices required only in an *initial* communication by 15 U.S.C. § 1692g(a).

47. Among the rights provided by 15 U.S.C. § 1692g(a) is a 30-day period from the consumer's receipt of the initial communication in which the consumer may dispute the debt or request verification.

48. The consumer must dispute the debt within 30 days from their receipt of the initial communication in order for the FDCPA to require the debt collector to obtain and send the consumer verification prior to continuing collection efforts.

49. If the consumer disputes the debt after the 30-day period from the initial communication has expired, the debt collector is not required to send the consumer verification.

50. By stating that the consumer has an additional 30-day period in which she may dispute the debt, which is not accurate per 15 U.S.C. § 1692g(a), the February Letter is misleading or unfairly confuses the Plaintiff as to her rights.

51. Alternatively, by giving Plaintiff another opportunity to dispute the debt in the February Letter, Defendant rendered the January Letter's 1692g(a) statement false, when it stated

that the Defendant "will assume this debt is valid" if Plaintiff "did not notify [Defendant] within 30 days" that Plaintiff disputes the validity of the debt.

52. The Defendant clearly did not actually assume the debt was valid as demonstrated by the February Letter which offered Plaintiff another chance to dispute the debt.

53. Defendant's actions caused Plaintiff to suspect there was fraud involved with this collection.

54. Because of Defendant's improper acts, Plaintiff expended time, money, and effort in determining the proper course of action.

55. In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

56. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

57. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

58. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

59. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

60. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

61. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

62. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

63. Plaintiff repeats the above allegations as if set forth here.

64. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

65. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

66. Defendant violated said section as described above by:

   a. Making a false and misleading representation and failing to note the balance was increasing, in violation of §§ 1692e, 1692e (2), 1692e (5), and 1692e (10);

67. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

68. Plaintiff repeats the above allegations as if set forth here.

69. Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

70. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

71. Defendant violated this section by unfairly collecting amounts not due, and making false or misleading representations.

72. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq*. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

73. Plaintiff repeats the above allegations as if set forth here.

74. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

75. Pursuant to 15 U.S.C. § 1692g an initial communication with a debtor regarding a debt must identify the amount of the debt.

76. Defendants violated this section by failing to clearly state the amount of the debt.

77. Alternatively, Defendants violated this section by failing to clearly state the amount of the debt.

78. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

79. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rachel M. Babad, individually and on behalf of all others similarly situated, demands judgment from Defendant C. Tech as follows:

i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq. as Class Counsel;

ii. Awarding Plaintiff and the Class statutory damages;

iii. Awarding Plaintiff and the Class actual damages;

iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: July 12, 2021                                    Respectfully submitted,

                                        */s/ Eliyahu Babad*
                                        By:  Eliyahu Babad, Esq.
                                        Stein Saks, PLLC
                                        One University Plaza, Suite 620
                                        Hackensack, NJ 07601
                                        (201) 282-6500 ext. 121
                                        Fax: (201) 282-6501
                                        EBabad@SteinSaksLegal.com

                                        *Attorneys for Plaintiff*